UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

STAYMOBILE VENTURE, LLC,                          Chapter 7
                                                  Case No. 22-43781-LSG
                                                  Hon. Lisa S. Gretchko

                              Debtor(s)
_____/
TIMOTHY MILLER, Trustee,

                Plaintiff,                        Adv. Pro. No.
v.                                                Hon. Lisa S. Gretchko

UPPER EDGE TECHNOLOGIES, INC.,

                Defendant
_____/

**COMPLAINT TO RECOVER PREFERENTIAL TRANSFER(S)
AND FOR DISALLOWANCE OF CLAIMS**

  Timothy Miller, Chapter 7 Trustee and Plaintiff, by his attorneys OSIPOV BIGELMAN,

P.C., states for his complaint as follows:

## Jurisdiction

  1.  This is an adversary proceeding in bankruptcy brought by Plaintiff pursuant to

Bankruptcy Rule 7001(1).

  2.  Plaintiff is the duly appointed Chapter 7 Trustee.

  3.  UPPER EDGE TECHNOLOGIES, INC. ("Defendant") is a corporation doing

business in the State of Michigan.

  4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(B)

and (F) and 28 U.S.C. § 1334.

## General Allegations

5.      Plaintiff incorporates by reference all prior paragraphs.

6.      Staymobile Venture, LLC ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 9, 2022 ("Petition Date").

7.      On July 22, 2022, Debtor filed an Amended Statement of Financial Affairs (ECF No. 172-2, the "SOFA").

8.      In response to Question #3 on the SOFA, the Debtor stated that, during the 90-days prior to the Petition Date, it repaid Defendant $28,364.90 on account of antecedent debt (the "Transfer(s)," see SOFA, ECF No. 172-2, Page 16).

9.      The Debtor's 2021 income tax returns indicate that the Debtor lost $415,967 in 2021.

10.      The Debtor's 2021 income tax returns, at Schedule L, indicate that the Debtor was insolvent at the end of 2021.

11.      The Debtor had unfunded warranty obligations in the tens of millions of dollars in the year prior to the Petition Date.

12.      The Debtor's condition did not improve between the end of 2021 and the Petition Date.

13.      Therefore, as of the date(s) of the Transfer(s), Debtor was insolvent.

14.      The Debtor's creditors have filed claims in excess of $50,000,000.00.

15.      Additionally, pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

**COUNT I**
**AVOIDANCE OF PREFERENTIAL TRANSFER(S) PURSUANT TO 11 U.S.C. § 547**
**AND <u>LIABILITY FOR VALUE OF TRANSFER(S) PURSUANT TO 11 U.S.C. § 550</u>**

16.     Plaintiff incorporates by reference all prior paragraphs.

17.     Pursuant to 11 U.S.C. § 547(b),

"the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—

    (1)    to or for the benefit of a creditor;

    (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3)    made while the debtor was insolvent;

    (4)    made—

        (A)    on or within 90 days before the date of the filing of the petition; or

        (B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5)    that enables such creditor to receive more than such creditor would receive if the case were a case under chapter 7 of this title, the transfer had not been made, and such creditor received payment of such debt to the extent provided by the provisions of this title.

18.     The Transfer(s) were each a transfer of an interest of the Debtor in property.

19.     Defendant was a creditor of the Debtor at the time of the Transfer(s), as Debtor was indebted to Defendant for expenses of the business.

20.     Debtor made the Transfer(s) on account of the antecedent debt it owed to Defendant.

21.     Debtor was insolvent at the time of the Transfer(s), because its liabilities exceeded its assets as of the Petition Date.

22.     Debtor made the Transfer(s) within 90-days preceding the Petition Date.

23.     Because of the Transfer(s), Defendant received more than they would have if the Transfer(s) had not been made and Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

24.     Therefore, pursuant to 11 U.S.C. § 547(b), the Trustee may avoid the Transfer(s).

25.     Pursuant to 11 U.S.C. § 550, the Trustee may recover the value of the avoided Transfer(s) from the Defendant.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Judgment in the Plaintiff's favor and against the Defendant in an amount not less than $28,364.90, in addition to costs, interest, and attorney's fees and all other relief that this Court deems just and proper.

## COUNT II
## PRESERVATION OF AVOIDED TRANSFER(S)
## PURSUANT TO 11 U.S.C. § 551

26.     Plaintiff incorporates by reference all prior paragraphs.

27.     Pursuant to 11 U.S.C. § 551, any transfer avoided under 11 U.S.C. § 547 is automatically preserved for the benefit of the estate.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Judgment in his favor and against the Defendant pursuant to 11 U.S.C. § 551 of the Bankruptcy Code preserving the avoided Transfer(s) for the benefit of the estate and granting such other relief this Court deems just and proper.

## COUNT III
## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

28.     Plaintiff incorporates by reference all prior paragraphs.

29.     Defendant received Transfer(s) avoidable pursuant to 11 U.S.C. § 547.

30.     Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity from which property is recoverable pursuant to 11 U.S.C. § 547.

31.     Because Defendant has not paid or surrendered the Transfer(s) to Plaintiff, any claims of Defendant, should any such claims be asserted, must be disallowed unless and until the Transfer(s) are repaid.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment in his favor and against Defendant, disallowing all of Defendant's claims pursuant to 11 U.S.C. § 502(d) of the Bankruptcy Code, unless and until Defendant returns the Transfer(s) to Plaintiff, plus costs, interest, and attorneys' fees.

Dated: April 10, 2023                   Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

/s/ Jeffrey H. Bigelman
DAVID MILLER (P79911)
JEFFREY H. BIGELMAN (P61755)
Attorneys for Trustee
20700 Civic Center Drive, Ste. 420
Southfield, MI 48076
Phone: (248) 663-1800 Fax: (248) 663-1801
Email: dm@osbig.com / jhb@osbig.com