UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>STAYMOBILE VENTURE, LLC,<br><br>Debtor(s).<br>------------------------------------------------<br>TIMOTHY MILLER, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>UPPER EDGE TECHNOLOGIES, INC.<br><br>Defendant | Chapter 7<br>Case No. 22-43781-LSG<br>Hon. Lisa S. Gretchko<br><br><br><br><br>Adv. Proc. No. 23-04151<br>Hon. Lisa S. Gretchko |

## UPPER EDGE TECHNOLOGIES, INC'S,
## ANSWER AND AFFIRMATIVE DEFENSES

Upper Edge Technologies, Inc. (the "Defendant"), by and through undersigned counsel, submits this Answer and Affirmative Defenses to the Complaint of Timothy Miller (the "Plaintiff") the Chapter 7 Trustee for STAYMOBILE VENTURE, LLC, (the "Debtor") filed on April 10, 2023, and states and alleges as follows:

### Jurisdiction

1. Paragraph 1 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the

1

Complaint.

2. The Defendant is informed and believes that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 2 of the Complaint.

3. In response to paragraph 3, the Defendant admits paragraph 3.

4. In response to paragraph 4, in the event that this Court does find that it has jurisdiction, the Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court, and does not consent to the entry of a final order by the Bankruptcy Court.

## General Allegations

5. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 4 above.

6. The Defendant is informed and believes that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 6 of the Complaint.

7. The Defendant is informed and believes that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 7 of the Complaint.

8. In response to paragraph 8, the Defendant only admits that it received transfers amounting to $28,364.90. The Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint. To the extent a response is required, the Defendant denies the remaining allegations of paragraph 8 of the Complaint.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 9 of the Complaint.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 10 of the Complaint.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 11 of the Complaint.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 12 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 12 of the Complaint.

13. The Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegation in paragraph 13 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 13 of the Complaint.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFER(S) PURSUANT TO 11 U.S.C. § 547 AND <u>LIABILITY FOR VALUE OF TRANSFER(S) PURSUANT TO 11 U.S.C. § 550</u>

16. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 15 above.

17. Paragraph 17 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 18 of the Complaint.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 19 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 19 of the Complaint.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 20 of the Complaint.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 21 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 21 of the Complaint.

22. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 22 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of

paragraph 22 of the Complaint.

23. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 23 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 23 of the Complaint.

24. In response to Paragraph 24 of the Complaint, the Defendant denies Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, the Defendant denies Paragraph 25 of the Complaint.

## COUNT II
## PRESERVATION OF AVOIDED TRANSFER(S) PURSUANT TO 11 U.S.C. § 551

26. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 25 above.

27. In response to Paragraph 27 of the Complaint, the Defendant denies Paragraph 27 of the Complaint.

## COUNT III
## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

28. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 27 above.

29. In response to Paragraph 29 of the Complaint, the Defendant denies Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, the Defendant denies Paragraph 31 of the Complaint.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff. The Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

32. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 31 above.

33. Without conceding that the Defendant has the burden of proof on any of the issues below, the Defendant asserts the following defenses.

### FIRST AFFIRMATIVE DEFENSE

34. The Plaintiff is barred from recovering the alleged preference transfers (the "Preference Transfers") to the extent that the Preference Transfers were:

(A) in payment of a debt or debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant;

(B) made in the ordinary course of business or financial affairs of the Debtors and the Defendant, or

(C) made according to ordinary business terms.

35. Pursuant to 11 U.S.C. § 547(c)(2), such Preference Transfers are not avoidable by the Plaintiff

## SECOND AFFIRMATIVE DEFENSE

36. The Plaintiff is barred from recovering the Preference Transfers to extent that the Preference Transfers were:

(A) intended by the Debtors and the Defendant to or for whose benefit such Transfers were made to be a contemporaneous exchange for new value given to the Debtors; and

(B) in fact, were substantially contemporaneous exchange(s).

37. Pursuant to 11 U.S.C. § 547(c)(1), such Preference Transfers are not avoidable by the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

38. The Plaintiff is barred from recovering the Preference Transfers to the extent that the Preference Transfers were to or for the benefit of the Defendant, to

the extent that, after such transfers, the Defendant gave new value to or for the benefit of the Debtors.

    (A)    not secured by an otherwise unavoidable security interest; and

    (B)    on account of which new value the Debtors did not make otherwise unavoidable transfers to or for the benefit of the Defendant.

39. Pursuant to 11 U.S.C. 547(c)(4), such Preference Transfers are not avoidable by the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

40. The Plaintiff is barred from recovering the Transfers by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

41. The Plaintiff's actions are barred under the doctrines of estoppel and *res judicata* to the extent that this action could have and should have been litigated at the time of Debtors' objections to the Defendant's claim, if and, under 11 U.S.C. 502(d).

## SIXTH AFFIRMATIVE DEFENSE

42. The Defendant denies these allegations to the extent that the Defendant has an earmarking or a conduit defense.

## SEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

44. The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. § 550 (b) by reason that the Defendant, to the extent it took any transfer(s), took the alleged Transfers for value, in good faith and without knowledge of the voidability of the alleged Transfers.

### NINTH AFFIRMATIVE DEFENSE

45. The Plaintiff's claims are barred in whole or in part by setoff and/or recoupment.

### TENTH AFFIRMATIVE DEFENSE

46. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend their answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiff may have in connection with the claims asserted in the Complaint.

Dated: May 9, 2023

                **Respectfully submitted,**

                **JONES & ASSOCIATES**
                By: /s/*Roland Gary Jones*
                Roland Gary Jones, Esq.
                1325 Avenue of the Americas
                28th Floor
                New York, NY 10019
                Tel: (347) 862-9254
                Fax: (212) 202-4416
                Email: rgj@rolandjones.com

                *Pro Hac Vice Application to be filed*

                **and**

                **TAFT STETTINIUS & HOLLISTER LLP**
                By: /s/ *Kimberly Ross Clayson*
                Kimberly Ross Clayson (P69804)
                27777 Franklin Rd. Suite 2500
                Southfield MI 48034
                (248) 727-1635
                kclayson@taftlaw.com

                *Counsel for the Defendant*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>STAYMOBILE VENTURE, LLC,<br><br>Debtor(s). | Chapter 7<br>Case No. 22-43781-LSG<br>Hon. Lisa S. Gretchko |
| TIMOTHY MILLER, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>UPPER EDGE TECHNOLOGIES, INC.<br><br>Defendant | Adv. Proc. No. 23-04151<br>Hon. Lisa S. Gretchko |

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, my office caused to be served a copy of the *Upper Edge Technologies, Inc's, Answer and Affirmative Defenses* and this *Certificate of Service* using the Court's electronic filing system which will send notice to all ECF participants registered to receive notice.

Dated: May 9, 2023

**Respectfully submitted,**

**JONES & ASSOCIATES**
By: /s/*Roland Gary Jones*
Roland Gary Jones, Esq.
1325 Avenue of the Americas
28th Floor
New York, NY 10019
Tel: (347) 862-9254
Fax: (212) 202-4416
Email: rgj@rolandjones.com

*Pro Hac Vice Application to be filed*

**and**

**TAFT STETTINIUS & HOLLISTER LLP**
By: /s/ *Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
27777 Franklin Rd. Suite 2500
Southfield MI 48034
(248) 727-1635
kclayson@taftlaw.com

*Counsel for the Defendant*